**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-11163
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JACQUELINE DENNIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-729-BE)
_____

June 22, 1999

Before KING, Chief Judge, REYNALDO G. GARZA, and JOLLY, Circuit
Judges.

PER CURIAM[1]:

Appellant, Jacqueline Dennis ("Dennis"), is currently
serving a 365-month sentence for her participation in a
conspiracy to kill a federal official and for her use of
interstate commerce facilities in the commission of a murder for
hire.  She is presently incarcerated at the Federal Medical
Center ("FMC") after developing complex somatic delusions.

On September 29, 1997, Magistrate Judge Bleil conducted a
hearing on the government's Petition to "Determine Present Mental

---

[1]_Pursuant to_ 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Condition of an Imprisoned Person, and for Appointment of Counsel and Qualified Examiner Pursuant to 18 U.S.C. §§ 4245 and 4247." The magistrate judge granted the government's petition which sought the commitment of Dennis for psychiatric care and treatment.

Dennis raises three issues on appeal: (1) whether the magistrate judge lacked jurisdiction and/or authority to commit Dennis to treatment; (2) whether the "preponderance of the evidence" standard is unconstitutional under these circumstances; and (3) whether Dennis' commitment violated her right to free exercise of religion.

After reviewing the record, the parties' briefs, the district court's opinion and hearing oral argument, we conclude that the district court did not err in its findings of fact or in its application of law. We note, that although the first two issues raised by Dennis are identical to the ones presented in *United States v. Muhammad*, 165 F.3d 327 (5th Cir. 1999), the third issue is slightly different.

Unlike *Muhammad*, where we refused to consider the third issue because it was raised for the first time on appeal, the record shows that Dennis raised her right to free exercise of religion during a district court hearing. The magistrate judge implicitly credited the psychiatrist in concluding that Dennis had restricted her diet due to mental disease or defect and not because she was exercising a religious belief.

We review a district court's factual findings under the

2

clearly erroneous standard. *United States v. Lopez-Valdez*, No. 97-50949, 1999 WL 350627, at \*6 (5th Cir. June 1, 1999)(citing *United States v. Inocencio*, 40 F.3d 716, 721 (5th Cir. 1994). A review of the record reveals that the district court was not clearly erroneous in finding that Dennis' actions stemmed from a mental disease and not from a religious belief. Accordingly, we AFFIRM the district court in all respects.